# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VT CONSTRUCTION, INC., | )<br>) |
|     Plaintiff, | )  Case No. 2:13-cv-00907-GMN-GWF<br>) |
| vs. | )  **ORDER**<br>) |
| H2J ENVIRONMENTAL, LLC, *et al.*, | )  **Motion to Strike Affirmative**<br>)  **Defenses - #30** |
|     Defendant. | ) |

      This matter is before the Court on Third Party Plaintiff The Cincinnati Insurance Company's Motion to Strike International Lining Technology's Affirmative Defenses (#30), filed on December 31, 2013.  Third Party Defendant International Lining Technology filed its Opposition to the Motion to Strike (#37) on January 16, 2014, and The Cincinnati Insurance Company filed its Reply (#38) on January 27, 2014.  The Court conducted a hearing in this matter on January 30, 2014.

## BACKGROUND AND DISCUSSION

      Third Party Plaintiff The Cincinnati Insurance Company ("Cincinnati") moved to strike the affirmative defenses alleged in International Lining Technology's ("International") answer to the third party complaint based, in part, on the grounds that the pleading requirements set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) apply to the pleading of affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure.  Following the filing of Cincinnati's motion to strike, International filed a First Amended Answer (#31) on January 2, 2014, which eliminated some of the affirmative defenses alleged in its original answer.  Cincinnati argues that the First Amended Answer still fails to satisfy the *Twombly/Iqbal* pleading standard and should be stricken.

The Ninth Circuit has not, as yet, adopted the *Twombly/Iqbal* pleading standard for affirmative defenses, although a number of federal district court decisions have. Other district courts, however, have refused to apply *Twombly/Iqbal* to affirmative defenses, based primarily on the differences in language between Rule 8(a)(2) and 8(c), as well as practical considerations. *See Kohler v. Staples The Office Supply Store, Inc.*, 291 F.R.D. 464, 468-69 (S.D.Cal. 2013) and *Lane v. Page*, 272 F.R.D. 581, 591-597 (N.M. 2011). *See also Garity v. Donahoe*, 2013 WL 4774761, *2 (D.Nev. 2013) and *Ferring B.V. v. Watson Laboratories, Inc.*, 2012 WL 607539, *3 (D.Nev. 2012) (declining to apply *Twombly/Iqbal* pleading standard to affirmative defenses). This Court is persuaded by the reasoning of the *Kohler* and *Lane* decisions and therefore adopts the view that the *Twombly/Iqbal* pleading standard does not apply to the pleading of affirmative defenses under Rule 8(c).

The Court agrees with Cincinnati that certain of International's affirmative defenses are nevertheless improper or deficient under the requirements of Rule 8(c) and should be stricken. International's first affirmative defense alleges that Cincinnati's third party complaint fails to state a claim upon which relief can be granted. As the Court noted at the hearing, it has been a customary or frequent practice for defendants to assert failure to state a claim as an affirmative defense. As Judge Du held in *FTC v. Johnson*, 2013 WL 2460359 (D.Nev. 2013), however:

> Failure to state a claim is not an affirmative defense. *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program,* 718 F.Supp.2d 1167, 1174 (N.D.Cal. 2010); *Boldstar Tech., LLC v. Home Depot, Inc.,* 517 F.Supp.2d 1283, 1291 (S.D.Fla. 2007) ("Failure to state a claim is a defect in the plaintif"'s claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff"'s valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."). A plaintiff fails to state a claim when she cannot properly establish the required essential elements of a claim. If the plaintiff does, a defendant may raise an affirmative defense that serves as an excuse or justification notwithstanding the existence of the claim's required elements. *See Barnes,* 718 F.Supp.2d at 1173 (quoting *Roberge v. Hannah Marine Corp.,* No. 96–1691, 124 F.3d 199, 1997 WL 468330, at *3 (6th Cir. Aug. 13, 1997)).

Accordingly, on this basis, the Court strikes International's first affirmative defense for failure to state a claim upon which relief can be granted.

. . .

The Court also strikes International's Twelfth Affirmative Defense which alleges that International is entitled to indemnity or contribution from other defendants or third party defendants. That may be true or untrue, but it is not an affirmative defense to Cincinnati's claims. The Court similarly strikes International's Fifteenth Affirmative Defense for an award of attorney's fees if it prevails in this action. The Court also strikes International's Twenty-Third Affirmative Defense which merely reserves other possible affirmative defenses that may be available to the Defendant. This is not an affirmative defense. Accordingly,

**IT IS HEREBY ORDERED** that Third Party Plaintiff The Cincinnati Insurance Company's Motion to Strike International Lining Technology's Affirmative Defenses (#30) is **granted**, in part, and **denied**, in part in accordance with the foregoing provisions of this order.

DATED this 7th day of February, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge